IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Lesniak & Associates, Inc.** * | | |
|     Plaintiff * | Case No.: JFM 02 CV 3305 | |
| * | | |
| v. * | | |
| * | | |
| **View Systems, Inc.** * | | |
|     Defendant * | | |
| * | | |
| * | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION FOR LEAVE TO TAKE DEPOSITION

Defendant, through undersigned counsel, moves the court for leave to take a deposition beyond the discovery deadline, or in the alternative, to modify the scheduling order to extend the discovery deadline, for good cause, and states:

1. The Court's scheduling order in this case sets a discovery deadline for April 10, 2003. Discovery by defendant, particularly a deposition of witness and plaintiff corporate designee Mr. Bruce Lesniak, cannot be completed by this deadline.

2. Defendant made informal requests (on February 18, March 24, and April 8, 2003) to schedule the deposition of Mr. Lesniak, but parties have been unable to schedule such deposition.

3. Defendant served a request for documents on plaintiff on December 23, 2002. Plaintiff responded in large part on March 13, 2003, but plaintiff objected to several individual requests. So far, the parties have been unable to resolve the dispute. Defendant contends the requests are reasonably calculated to lead to admissible evidence, but also submits that the documents are necessary to fully and properly examine the deponent.

4. Defendant View Systems was unrepresented for a period during which counsel was granted leave to withdraw. The motion for leave to withdraw was granted March 31, 2003. Counsel for defendant, having worked out the difficulties with the client, promptly re-entered an appearance on April 7, 2003.

5. On March 24, 2003, immediately prior to counsel's filing for leave to withdraw, counsel for defendant discussed with counsel for plaintiff as to whether such withdrawal would result in prejudice to defendant. Plaintiff's counsel represented that no such prejudice would necessarily occur and a deposition of Mr. Lesniak could be worked out. However, plaintiff is now unwilling to cooperate on the deposition and on the remaining discovery matters. Without the deposition and discovery, prejudice to defendant will have occurred.

6. On April 4, 2003, while defendant was unrepresented by counsel, plaintiff filed a motion for summary judgment. Defendant believes the unfinished discovery is necessary to properly defend the motion.

7. A brief extension of the discovery deadline, or leave to depose Mr. Lesniak will not prejudice plaintiff.

8. No trial date has been scheduled, so a brief extension would not necessarily result in any overall delay. Counsel expects that the deposition could be completed within three weeks.

**Wherefore**, defendant respectfully requests leave of court to take the deposition of Mr. Bruce Lesniak beyond the discovery deadline, or,

**Wherefore**, defendant respectfully requests the scheduling order be modified to extend the discovery deadline for an additional three weeks.

_____/s/_____
Terry J. Harris
Law Offices of Terry J. Harris
301 N. Charles Street, Suite 902
Baltimore, MD 21201
410-576-0800
410-547-6655 – fax
Federal Bar No.: 26767

Attorney for Defendant View Systems, Inc.

### Certificate of Service

I hereby certify that on April 9, 2003, a copy of Defendant View Systems' Motion for Leave to Take Deposition was electronically mailed and was mailed, postpaid via first class mail, to Jonathan Ruckdeschel, Parker, Dumler & Kiely, LLP, 36 S. Charles St., Suite 2200, Baltimore, MD 21201.

_____/s/_____
Terry J. Harris