IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Lesniak & Associates, Inc.** | * | |
| Plaintiff | * | Case No.: JFM 02 CV 3305 |
| | * | |
| v. | * | |
| | * | |
| **View Systems, Inc.** | * | |
| Defendant | * | |
| | * | |
| | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

## Memorandum in Support of Motion To Compel Production Of Documents

Pursuant to local rule 104.8, this memorandum is in support of Defendant View Systems, Inc.'s motion to compel the production of documents. The dispute arises out of a request for documents, served by defendant on plaintiff on December 23, 2002. Plaintiff Lesniak and Associates, Inc., ("Lesniak") provided a written response to the request on March 13, 2003. In the response, Plaintiff objected to requests numbered 14, 15, 16, 17, 19, and 20, and to which Plaintiff refused to produce documents responsive to those requests. For the reasons set forth in this memorandum, the accompanying motion to compel should be granted. Very simply, defendant's requests are reasonably calculated to lead to discovery of admissible evidence and plaintiff's objections and refusals to produce the documents are without justification.

Discovery, of course, is intended to require the disclosure of all facts by a party litigant so that both parties can properly prepare claims and defenses. As a general proposition, the discovery rules are to be liberally construed. Plaintiff's failure to produce the requested documents fails to comport with these basic principles. To be sure, defendant is not opposed to a

reasonable confidentiality agreement or properly tailored protective orders to protect against unnecessary or harmful releases of information. However, plaintiff's blanket denial of the documents is an inappropriate response.

To address the specific requests for documents, this memorandum first takes requests 14 through 17 together, then addresses requests 19 and 20.

> **Request No. 14: All annual and quarterly statements or reports of Lesniak and Associates, Inc., for the past five years.**
> **Response to Request No. 14: Plaintiff objects to Request No. 14 on the grounds that it seeks information that is neither relevant to this matter nor reasonably calculated to lead to the discovery of admissible evidence.**
>
> **Request No. 15: All profit and loss statements or reports for Lesniak & Associates, Inc. for the past five years.**
> **Response to Request No. 15: Plaintiff objects to Request No. 1[5] on the grounds that it seeks information that is neither relevant to this matter nor reasonably calculated to lead to the discovery of admissible evidence.**
>
> **Request No. 16: All documents pertaining to profit margins and expenses for Lesniak & Associates, Inc. for the past five years.**
> **Response to Request No. 16: Plaintiff objects to Request No. 1[6] on the grounds that it seeks information that is neither relevant to this matter nor reasonably calculated to lead to the discovery of admissible evidence.**
>
> **Request No. 17: The general ledger, balance sheets, and income tax returns for Lesniak & Associates, Inc. for the years 1999 through 2002.**
> **Response to Request No. 17: Plaintiff objects to Request No. 1[7] on the grounds that it seeks information that is neither relevant to this matter nor reasonably calculated to lead to the discovery of admissible evidence.**

Each of the requests are reasonably calculated to lead to the discovery of admissible evidence, and indeed each request is entirely relevant to the matter. A fundamental issue in this case from defendant's perspective is whether plaintiff performed under the disputed agreement(s). (Answer and Counter-complaint, paragraphs 19, 23, 24) Evidence relating to the

failure to perform will often manifest itself best in the financial documentation being requested. For example, conflicts of interest, level of effort, inadequate capitalization or inadequate staffing would be highly relevant and admissible through the financial documents kept during the regular course of business. Moreover, affirmative defenses asserted in defendant's answer and a proper calculation of damages require exploration of transactions made by Lesniak relating to the work done for View Systems. (Answer and Counter-complaint, paragraphs 11 through 20.)

To the extent plaintiff complains that the information is confidential and personal, defendant has no objection to entering a reasonable confidentiality agreement to protect against the unnecessary disclosure of the information. Moreover, defendant simply does not believe the request is overly burdensome, abusive or harassing, in that such documentation should be readily available. Defendant has produced such information for plaintiff pursuant to its request.

> **Request No. 19.: All curriculum vitae, resumes, and other promotional material relating to Bruce Lesniak and/or Lesniak & Associates, Inc., including current materials and materials issued during the period pertinent to the complaint.**
> **Response to Request No. 19: Plaintiff objects to Request No. 19 on the grounds that it seeks information that is neither relevant to this matter nor reasonably calculated to lead to the discovery of admissible evidence.**

The request is reasonably calculated to lead to the discovery of admissible evidence, and the request is entirely relevant to the matter. Another fundamental issue in this case from defendant's perspective is whether plaintiff misrepresented or mischaracterized his capabilities and relationships. (Answer and counter-complaint, paragraph 19.) Certainly the promotional material developed by Plaintiff is relevant to this issue and to Plaintiff's veracity and credibility.

Defendant should be afforded the opportunity to review such information to evaluate claims and defenses and to prepare for examination or cross-examination of witnesses.

> **Request No. 20.:  All documents pertaining to Lesniak's relationship with, experience with, contacts with, or expertise regarding business with ADT.**
> **Response to Request No. 20:  Plaintiff objects to Request No. 20 on the grounds that it seeks information that is neither relevant to this matter nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent that Request No. 20 seeks information that has any tangential relevance to this matter, it is unduly burdensome and overly broad and seeks only to harass Mr. Lesniak and Lesniak & Associates, Inc.**

The request is also reasonably calculated to lead to the discovery of admissible evidence, and the request is also entirely relevant to the matter.  Again, a fundamental issue in this case from defendant's perspective is whether plaintiff misrepresented or mischaracterized his capabilities and relationships, in particular regarding ADT.  (Answer and counter-complaint, paragraphs 19, 23 and 24.)  Hardly tangential, the issue is fairly central to defendant's defenses and counterclaim, and important in establishing Plaintiff's veracity and credibility.  Moreover, the documents may help identify additional witnesses in this particularly important area of inquiry.  Finally, defendant simply does not believe the request is overly broad or burdensome, nor is the request intended to be harassing.  Again, Defendant is not opposed to a confidentiality agreement or a properly tailored protective order to protect against unnecessary or harmful releases of information.  However, the blanket denials of the documents is an inappropriate response.

                                                _____/s/_____
                                                Terry J. Harris
                                                Law Offices of Terry J. Harris
                                                301 N. Charles Street, Suite 902
                                                Baltimore, MD 21201
                                                410-576-0800
                                                410-547-6655 – fax
                                                Federal Bar No.: 26767
                                                Attorney for Defendant View Systems, Inc.

**Certificate of Service**

I hereby certify that on April 9, 2003, a copy of Defendant View Systems' Motion to Compel Production of Documents and the accompanying memorandum in support of the motion was electronically mailed and was mailed, postpaid via first class mail, to Jonathan Ruckdeschel, Parker, Dumler & Kiely, LLP, 36 S. Charles St., Suite 2200, Baltimore, MD 21201.

                                                _____/s/_____
                                                Terry J. Harris