IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LESNIAK & ASSOCIATES, INC. | * | |
| Plaintiff | * | |
| v. | * | Case No: JFM 02 CV3305 |
| VIEW SYSTEMS, INC. | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO MOTION TO COMPEL**

The Plaintiff/Counter-Defendant, Lesniak & Associates, Inc. ("Lesniak"), by its undersigned attorneys, files the following Opposition to the Motion to Compel filed by the Defendant, View Systems, Inc. ("View"). As grounds therefore, Lesniak states as follows:

**Factual And Procedural Background**

1. This matter arises from a pattern of habitual non-payment by View. As set forth in Lesniak's Motion for Summary Judgment, the case involves the admitted breach by View of an unambiguous two-page contract. Exhibit A. The contract was entered into by the parties in March 2001 and sets forth the outstanding compensation owed to Lesniak for 1999 and 2000 (a combination of cash and stock) and the agreement between the parties for Lesniak's compensation in 2001.

2. The contract, which was signed by View's president, Gunther Than, specifically acknowledged the outstanding cash and stock from 1999 and 2000. Despite the express agreement by View to pay Lesniak the overdue cash

and stock, View failed to pay to Lesniak the outstanding cash and stock. This suit followed.

3.  In response to the lawsuit, View denied owing Lesniak the cash and stock and, in fact, filed a Three Million Dollar Counterclaim against Lesniak asserting that Lesniak breached the parties' contract by failing to develop business opportunities with ADT. In response to Lesniak's Interrogatories, View also swore that it had issued the stock to the Plaintiff. Answer to Interrogatory No. 11. Exhibit B. View's Interrogatory Answers were signed by Gunther Than.

4.  At deposition, Mr. Than was forced to admit that, directly contrary to View 's sworn answers to Interrogatories, View had not issued the stock. Indeed, Mr. Than testified that there was no dispute that the stock was owed to the Plaintiff. Than p. 54-5, 77. Mr. Than further admitted at deposition that View owed Lesniak cash, but asserted that he did not know how much. Id. Mr. Than did not provide any explanation for why the amount of cash owed to Lesniak set forth in the 2001 Agreement was not the amount owed to Lesniak and has produced no evidence that the outstanding money was paid to Lesniak.

5.  Instead, Mr. Than made the ridiculous assertion that his signature on the two-page contract related only to the portion of the contract dealing with Lesniak's 2001 compensation. Than p. 44-50. As set forth in Lesniak's Motion for Summary Judgment, Than's "interpretation" of the plain language of the contract is not only facially absurd, but is contrary to Maryland's long-established objective law of contract interpretation and must be rejected. See e.g., County

Comm. of Charles County v. St. Charles Assoc. Ltd. P'ship, 366Md. 426, 444-45 (2001).

6. Mr. Than's testimony also established conclusively that View's Counterclaim is entirely baseless. Mr. Than testified that he had no evidence that Lesniak failed to develop business opportunities with ADT other than the fact that View was never able to sell as much product to ADT as it had hoped. Than p. 64-5. Than further acknowledged that oftentimes sales that look promising do not come to fruition and that Lesniak's sales efforts were hampered by View's consistent financial difficulties. Than p. 67-70. Mr. Than admitted that View had no complaints about Lesniak's work before 2001 and that Lesniak worked hard for the Defendant. Than p. 64-5, 67-8. Than further admitted that he had no knowledge of the amount of damages could be regarding Lesniak's alleged breeches. Than p. 72, 76. Because of these admissions by the Defendant, Lesniak filed a Motion for Summary Judgment, which is pending before the court.

Prior to the close of discovery on April 10, 2003, View served requests for production of documents on Lesniak seeking, among other things, sweeping financial information regarding the Plaintiff. Lesniak objected to producing this confidential and proprietary information on the grounds that the information has no relevance to this matter and that it is not reasonably calculated to lead to the discovery of admissible evidence. Counsel have discussed this information, which is requested in View's Request for Production of Documents Nos. 14-17, and have been unable to reach agreement regarding the propriety of the requests. Lesniak suggested that the parties agree to table the issue pending resolution of the summary judgment motion.

View refused and filed the instant Motion to Compel regarding not only Request Nos. 14-17, but also Request Nos. 19 and 20.[1]

### The Disputed Requests For Production

7.  Request Nos. 14-17 seek financial information regarding the Plaintiff. Specifically, the Defendants seek wholesale disclosure of all aspects of Lesniak's business, including, (14) all annual and quarterly reports for the past 5 years, (15) all profit and loss statements for the past 5 years, (16) all documents pertaining to profit margins and expenses for the past 5 years, and (17) the general ledger, balance sheets, and income tax returns for the years 1999 through 2002.

8.  Obviously, compliance with these requests would require substantial effort. Lesniak would have to produce every credit card statement and receipt for the past five years, every cancelled check and bank account statement, all invoices, receipts, bills and many other documents. Indeed, compliance with the requests would literally require Lesniak to essentially reconstruct every transaction it had undertaken of any type in the past five years.

9.  View's document requests are improper for several reasons. First, the issues in this case are so simple, defined by the plain language of the written contract and the admissions of View in deposition, and have nothing to do with the information sought. Lesniak's case involves the admitted breach of an unambiguous two-page contract between the parties. The contract, on its face, is

---

[1] Prior to filing of the instant Motion, View had never mentioned any objection to Lesniak's response to Request Nos. 19 and 20. Under Local Rule 104.8, the motion is not ripe regarding these requests. Nevertheless, in the interests of cooperation, Lesniak will agree to produce a copy of Mr. Lesniak's most recent c.v. or other summary of professional qualifications as sought in Request No. 19. Lesniak maintains its objection to Request No. 20 and asserts that the time for View to raise this issue has passed.

4

an acknowledgement by View that it owes the claimed money and stock to Lesniak for 1999 and 2000. Than has admitted that the stock is owed and has admitted that money is owed, although he claims a dispute regarding the amount. The requested financial information regarding Lesniak is entirely irrelevant to this matter.

10. Second, the sole reason proffered by View for the relevance of the information is a vague assertion that the information is relevant to View's counterclaim. Specifically, View asserts that "a fundamental issue in this case . . . is whether Lesniak performed under the disputed agreement." This statement is simply not consistent with the plain language of the contract and with Than's admissions at deposition. There is no reasonable dispute that the 2001 Agreement, on its face, is an admission by View that Lesniak had performed under the contract for 1999 and 2000 and that Lesniak was owed the cash and stock reflected in the agreement. Than's admission that there was no dispute that View owed Lesniak the stock claimed in this case is a clear admission that Lesniak performed under the contract (and thus earned the stock). That admission is irreconcilably inconsistent with View's assertion in its counterclaim and in the instant Motion that there is a dispute whether Lesniak performed under the contract.

11. Similarly, View's use of the phrase "disputed agreement" is baseless. Mr. Than admitted at deposition that he received the 2001 Agreement before signing it, that he had the opportunity to read the agreement and that he signed the Agreement. Than p. 49-50. The Agreement is entirely unambiguous

5

and is a total of two pages long. The plain language of the Agreement and the admissions of View at deposition demonstrate unequivocally that there is not, and cannot be, any dispute regarding the agreement.

12. Moreover, even if Lesniak's performance was an issue, View has alleged a specific breach by Lesniak – failure to develop business opportunities with ADT. Counterclaim ¶ 23-4. As argued by Lesniak in its Motion for Summary Judgment, however, there is no requirement in the contract for View to specifically develop business with ADT, nor was there any such requirement in the prior agreement between the parties – which also contained and entire agreement clause. Exhibit B. Nor has View pled any other contractual term that would support its claimed breach.

13. Equally important and equally determinative of this issue is the fact that Mr. Than admitted that View could not quantify any claim of damages as a result of the alleged breach by the Plaintiff. Because View has admitted to a fatal deficiency in its Counterclaim, a deficiency that the requested information cannot cure, the information is entirely irrelevant to the fatally flawed Counterclaim and cannot possibly lead to the discovery of evidence that would allow the Counterclaim to succeed.

14. In sum, the Motion to Compel is simply another attempt by View to delay the inevitable. Having admitted in deposition to have facts directly contrary to his sworn answers to interrogatories, and having admitted to lacking any evidentiary support for even a good faith basis for its counterclaim, View is now desperately attempting to delay this matter and to hide its own bad faith in

bringing a baseless counterclaim seeking Three Million Dollars despite lacking any good faith basis for filing the Counterclaim. The Motion to Compel should be denied and Lesniak's Motion for Summary Judgment should be granted.

**WHEREFORE**, the Plaintiff/Counter-Defendant, Lesniak & Associates, Inc., requests that the court deny View's Motion to Compel.

/s/ Jonathan Ruckdeschel
Mark M. Dumler, Bar No.: 07893
Jonathan Ruckdeschel, Bar No.: 25015
Parker, Dumler & Kiely, LLP
36 South Charles Street, Suite 2200
Baltimore, Maryland 21201
(410) 625-9330

Counsel Lesniak & Associates, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 18, 2003, a copy of the foregoing Opposition to Motion to Compel was served via e-filing on Terry J. Harris, Esquire, 301 N. Charles Street, Baltimore, Maryland 21201.

/s/ Jonathan Ruckdeschel
Jonathan Ruckdeschel