IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LESNIAK & ASSOCIATES, INC. | * | |
| Plaintiff | * | |
| v. | * | Case No: JFM 02 CV3305 |
| VIEW SYSTEMS, INC. | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### OPPOSITION TO MOTION FOR LEAVE TO TAKE DEPOSITION

The Plaintiff/Counter-Defendant, Lesniak & Associates, Inc. ("Lesniak"), by its undersigned attorneys, files the following Opposition to the Motion for Leave to Take Deposition filed by the Defendant. As grounds therefore, Lesniak states as follows:

1. This matter arises from a pattern of habitual non-payment by the Defendant, View Systems, Inc. ("View"). As set forth in Plaintiff's Motion for Summary Judgment, the case involves the admitted breach by the Defendant of an unambiguous two-page contract. Exhibit A. The case was filed in October 2002. On November 27, 2002 the court entered scheduling order setting the discovery deadline for April 10, 2003. At no time prior to the filing of the instant Motion did the Defendant object to the scheduling order.

2. From the outset of this matter, the Defendant has paid little heed to its obligations to the Court and the Plaintiff. For example, the Defendant failed to issue hundreds of thousands of shares of stock to the Plaintiff that were due under the contract between the parties. The Defendant filed answers to interrogatories however, that claimed, that it had issued the stock to the Plaintiff. Answer to

1

Interrogatory No. 11 – Exhibit B.  At deposition, the Defendant was forced to admit that, contrary to its sworn Answers to Interrogatories, it has not issued the stock.  Than Depo. p. 54-5. Exhibit C.  Indeed, it is clear that the Defendant has paid little mind to its obligations under the Federal Rules.  At deposition, the Defendant's corporate designee testified that he "briefly" reviewed the Defendant's answers to interrogatories and that he "assumed" that they were complete and accurate based upon his brief review.  Than Depo. p. 14-15.

    3.    Defendant now seeks to delay this matter by stating that it needs to take the deposition of the Plaintiff.  Defendant notes that the Plaintiff has filed a Motion for Summary Judgment in the case.  That Motion is based on the plain language of the written contract between the parties and the belated admissions by the Defendant that it did not honor its obligations under the contracts.  The sole justification advanced by the Defendant for its Motion is vague assertion that "Defendant believes the unfinished discovery is necessary to properly defend the motion [for summary judgment]."  This conclusory statement is simply without support.  As set forth in the Motion for Summary Judgment, the unambiguous written contracts and the admissions of the Defendant at deposition prove that the Plaintiff is entitled to judgment.

    4.    Rule 56(f) requires a party to submit under affidavit the specific reasons why they are unable to respond to a motion for summary judgment.  Fed. R. Civ. Proc. 56(f).  Defendant has not submitted any such affidavit or other support for its claim that the deposition of the Plaintiff is necessary to respond to

the motion for summary judgment. The simple reason for this failure is that the deposition is not necessary.

5. Defendant attempts to avoid its failure to pursue discovery earlier in this case by stating that it made informal requests to schedule the deposition of the Plaintiff on February [8], 2003, March 24, 2003 and April 8, 2003. Additional explanation of these "informal requests" is necessary to properly inform the Court of the Defendant's wholesale disinterest in taking the Plaintiff's deposition.

6. The February 8, 2003 e-mail from defense counsel suggested that the Defendant might want to depose the Plaintiff but simultaneously claimed that the Defendant was going to make a settlement offer that would, hopefully, moot the issue. Exhibit D. The Defendant never made any settlement offer and never again raised the question of a deposition of the Plaintiff until counsel for the Defendant called counsel for the Plaintiff regarding counsel's intention to file a Motion to Withdraw.

7. The March 24, 2003 "request" came in the conversation regarding defense counsel's intention to file a Motion to Withdraw if his fees were not paid by the following day. In that conversation, counsel for the Defendant stated that, if he remained in the case, he would want to depose the Plaintiff. Counsel was concerned about the short time frame left to schedule the deposition. Counsel for the Plaintiff, as a courtesy to defense counsel, informed counsel that, if he remained in the case, the Plaintiff would not contest submitting to a deposition based on an inability to schedule the date within the discovery deadline. Importantly, <u>at that time, sufficient time remained for the Defendant to note the</u>

>Plaintiff's deposition within the discovery deadline. As such, counsel for the Plaintiff's statement was nothing more than a recognition that the Plaintiff would work with the Defendant on scheduling if counsel remained in the case.
>
>8. Of course, counsel for the Defendant did not stay in the case. To the contrary, counsel sought to withdraw and was granted leave to do so by the Court. The Plaintiff's courtesy extended to him prior to his withdrawal and while time remained to note the deposition has no relevance to the instant Motion now that counsel has reentered his appearance and the time for discovery has passed. Discovery has been open in this case for months. The Defendant was fully aware of the impending discovery deadline when counsel for the Defendant sought and was granted leave to withdraw. In the interim, the remaining time for requesting and scheduling the deposition expired. That was Defendant's choice, just as not seeking to depose the Plaintiff earlier was Defendant's choice.

The April 8, 2003 "request" was made two days before the expiration of the discovery deadline and only after counsel for the Defendant had withdrawn from the case and re-entered his appearance. At that time, the Plaintiff informed the Defendant that (a) the discussions between counsel before the Motion to Withdraw was filed had no bearing on whether the Defendant should be allowed to depose the Plaintiff beyond the discovery deadline; and (b) there was no need for the deposition of the Plaintiff in connection with the Motion for Summary Judgment because the admissions of the Defendant at deposition and the plain language of the written contract demonstrates that the Plaintiff is entitled to judgment.[1]

---

[1] Counsel for the Plaintiff also offered to agree to table the issue of the deposition of the Plaintiff until after the court's decision on the Motion for Summary Judgment. That offer was refused.

9.

Simply put, the Defendant has had ample time to note the deposition of the Plaintiff, but chose to not do so. The Defendant made no effort to schedule the deposition of the Plaintiff other than the offhand comment in the February 8, 2003 e-mail, which Defendant did not follow-up on at any time prior to counsel seeking to withdraw. Now, despite the fact that the Defendant cannot even proffer a single factual reason why the deposition is necessary, let alone submit an affidavit detailing those reasons as required by Rule 56(f), Defendant asks the court to extend the deadline established months ago for discovery.

10. The true motivation for the request to depose the Plaintiff is the Defendant's recognition that its admissions and the written contract prove that the Plaintiff is entitled to judgment on its claims and that the Defendant's counterclaim is meritless. As such, Defendant is now desperate to try and gain some leverage in this case by conducting a last-gasp deposition of the Plaintiff to try and manufacture some shred of support for its claims. The deposition will serve only to increase the costs to all concerned, waste valuable time of the parties and attorneys and, in the end, will not lead to any admissible evidence regarding the matters before the court.

**WHEREFORE**, the Plaintiff/Counter-Defendant, Lesniak & Associates, Inc., requests that the court deny the Defendant's Motion for Leave to Take Deposition.

*/s/ Jonathan Ruckdeschel*
Mark M. Dumler, Bar No.: 07893
Jonathan Ruckdeschel, Bar No.: 25015

> Parker, Dumler & Kiely, LLP
> 36 South Charles Street, Suite 2200
> Baltimore, Maryland 21201
> (410) 625-9330
>
> Counsel Lesniak & Associates, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 18, 2003, a copy of the foregoing Opposition to Motion for Leave to Take Deposition was served via e-filing on Terry J. Harris, Esquire, 301 N. Charles Street, Baltimore, Maryland 21201.

> /s/ Jonathan Ruckdeschel
> Jonathan Ruckdeschel