**EXHIBIT A**

02/01/02 FRI 16:04 FAX 36788?9 Bruce E. Lesniak ☒004

View Systems, Inc.
To: Gunther Than
From: Bruce Lesniak
RE: Compensation review and payment
March 19, 2001

Gunther,

Per our discussion I have outlined my outstanding compensation from years 1999-2000 and have identified the means by which this compensation should be reimbursed. Also included is my agreement for 2001. Please review these documents and authorize at the bottom of page 2.

| ***1999 Compensation/Bonus*** | ***Payment Due*** |
|---|---|
| Monthly compensation and Bonus For 1999. | 100,000 shares Stock Issued per master agreement @.01 cents per share fully vested as of January 1, 2001. |

| ***2000 Compensation/Bonus/Expenses*** | ***Payment Due*** |
|---|---|
| Outstanding expense balance From April 2000 to January 1, 2001 | $14,000 PAID 1-25-01 |
| Outstanding monthly compensation balance Form May 1, 2000 to December 31, 2000 | $56,000.00 |
| Monthly shares of View System, Inc. Stock @ 10,000 shares per month for the year of 2000 | 120,000 shares |
| Bonus as defined by Gunther (Outstanding) | 60,000 shares for 2000 |
| **Loans and Corporate support** Loan to View to pay employee payroll Issued June 18, 2000 | $15,000 cash |
| $30,000 cash transfer for payroll, bills and corporate support | $30,000 cash (to be paid in .25 stock) |

PLAINTIFF'S
EXHIBIT
B
tabbles'

**Total outstanding compensations**

| | |
|---|---|
| Cash Monthly Comp. For 2000 | $56,000 |
| Cash Loans to View | $15,000 |
| **Cash (2001 comp. Jan-March)** | $21,000 |
| **Expense s from January 2001** | $1,155 |
| **Total cash** | **$93,1550** |

| | |
|---|---|
| Stock (1999 Bonus) | *100,000 Shares @ .01 cents |
| Stock (2000 Bonus) | * 60,000 Shares @ .01 cents |
| Stock (2000 monthly Comp.) | 120,000 Shares @ .01 cents |
| Stock Purchase with $30,000 of transferred cash | *120,000 shares @ .25 with an option for *120,000shares @ .50 cents per share |

***Indicates unrestricted stock**

***2001 AGREEMENT***

***2001 AGREEMENT***

Lesniak & Associates agree to consult to View Systems Inc. for the year 2001. Lesniak & Associates shall maintain their current status as consultants to View for the purpose of promoting View Systems into the security market and directing View Systems Corporate Development efforts.

View Systems Inc. agrees to compensate Lesniak & Associates as follows:

- **$7,000 per month**
- 10,000 shares of stock per month issued at the master agreement price of .01 cents per share issued quarterly
- Year end bonus based on outlined performance guide lines or a subjective evaluation determined by Gunther Than. Performance criteria to be mutually agreed upon as soon as practicable.[1], 2)
- Bonus may be paid in either cash, stock or a combination.
- Stock shall be issued with regard to the terms of the master agreement which reflects the issued stock price of .01 cents per share.
- View to reimburse Lesniak & Associates for monthly expenses.

[signature] 3-19-01

Bruce E. Lesniak
President
Lesniak & Associates

[signature]

Gunther Than
President/CEO
View Systems, Inc.

---

[1] B. Lesniak & G. Than to arrange undisturbed time for Market Plan & Revenue Projections

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**Lesniak & Associates, Inc.**
Plaintiff

v.

**View Systems, Inc.**
Defendant

Case No.: JFM 02 CV 3305

* * * * * * * * * * * * *

**Defendant View Systems' Answers to Plaintiff's Interrogatories**

Defendant View Systems, Inc. ("View Systems" or "Defendant"), by and through its undersigned counsel and in accordance with the Federal Rules of Civil Procedure, responds to Plaintiff Lesniak & Associates, Inc.'s ("Lesniak" or "Plaintiff"), Interrogatories as follows:

a. The information supplied in these answers is not based solely upon the knowledge of the executing parties, but includes the knowledge of the parties' agents, representatives, and attorneys, unless privileged.

b. The word usage and sentence structure is that of the attorney who in fact prepared these answers and does not purport to be the exact language of the executing party.

c. View Systems reserves the right to supplement these answers if it obtains other or further information or documentation with respect to these answers to interrogatories.

General Objections

a. View Systems generally objects to all instructions, definitions and interrogatories to the extent that they purport to seek the disclosure of information subject to the attorney-client

contract or agreement between the parties was effectively limited in August 2001 by an action of the View Systems Board of Directors placing sales representatives on commission only (a copy of the letter and notice to Lesniak is attached to the Answer and Counterclaim as Exhibit B). The matters are still under investigation and Defendant reserves the right to supplement this response if other or further information is gathered and as discovery continues in this case.

***Interrogatory No. 11:*** If you contend that you do not owe Lesniak the amounts claimed in the Complaint set forth in detail and with particularity all of the facts upon which you base your contention.

***Answer to No. 11:*** Lesniak was paid back for the loans. Lesniak was issued 360,000 shares of stock. Lesniak failed to perform under the consulting agreement.

***Interrogatory No. 12:*** If you contend that the terms of Lesniak's employment by you were different than those set forth in the agreements executed on August 12, 2000 and March 19, 2001 attached to the complaint as exhibit A and B, state specifically and completely what were the terms of Lesniak's employment.

***Answer to No. 12:*** The terms of Lesniak's employment were governed initially by the Consulting Agreement (attached to the Answer and Counterclaim as Exhibit A) and the representations made by Lesniak to induce that agreement. According to the agreement, Lesniak was to provide "Sales, Marketing, Management Consulting and Business Development Services." The representations made by Lesniak and relied upon by View Systems in entering the contract were that Lesniak had the background and ability to get a major company (including Sensormatic, ADT, Tyco etc.) to distribute View Systems products, and that Lesniak would, in fact, do so. Also, additional representations were made that Lesniak would be working full time on behalf of View Systems. See also the answer to Interrogatory No. 13. The matters are still

**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LESNIAK & ASSOCIATES, *
INC. *
Plaintiff *
vs. * Case No. JFM 02 CV3305
VIEW SYSTEMS, INC. *
Defendant *

* * * * *

Pursuant to Notice, the deposition of GUNTHER THAN was taken on Thursday, January 16, 2003, commencing at 10:30 a.m., at 301 N. Charles Street, Suite 902, Baltimore, Maryland 21201, before Janice A. Flack, a Notary Public.

APPEARANCES:

JONATHAN RUCKDESCHEL, ESQ.
PARKER, DUMLER & KEILY
36 S. Charles Street, Suite 2200
Baltimore, MD 21201
(On behalf of the Plaintiff)

TERRY J. HARRIS, ESQ.
LAW OFFICES OF TERRY J. HARRIS
301 N. Charles Street
Baltimore, MD 21201
(On behalf of the Defendant)

Jiranek is?

A. A former employee.

Q. What was his position with View Systems?

A. He was a vice president of administration and legal counsel.

Q. He was in-house counsel?

A. Uh-huh.

Q. You need to answer with a yes or no?

A. Yes.

Q. I'm sorry, sir, I forgot to ask you a question a minute ago. When was the last time before today that you were deposed?

A. I don't remember

Q. Was it in the last year?

A. No.

Q. Sir, I've handed you what has been marked as Exhibit 2. I believe that is the View Systems' Answers to Plaintiff's Interrogatories?

A. Yes.

Q. Have you seen that document before?

A. Briefly.

Q. Turning to the last or the second to last page there, Mr. Than, page 11. Is that your signature?

A. Yes.

Q. Did you review this document before you signed it?

A. Briefly.

Q. Was it complete and accurate?

A. With the brief look at it, I assumed so.

Q. Are you appearing here today as the corporate designee of View Systems, sir?

A. Yes.

Q. Are you authorized to give testimony on behalf of View Systems?

A. Yes.

Q. How was View Systems introduced to Mr. Lesniak?

A. Mr. Lesniak introduced himself to myself.

some revenue and some percentages down. It never occurred.

Q. Sir, you would agree with me that on April 11th of 2002 you sent Mr. Lesniak an E-mail that stated, "The stock, I don't have a disagreement with, but there are issues with the cash"?

A. I would -- I had been attempting to give him the shares that, one, I felt the company owed him because it owes him shares, and I had been encouraging him to sell the shares that were liquid or that were saleable that he possessed.

I don't know if he did or he didn't, one, pay for his salary. He agreed to do that. Now, I don't -- and I agreed that I would replenish those shares if he sold them to compensate himself.

I think he sold some. He didn't -- never told me how much he sold.

Q. And, sir, as of --

A. I tried to work with the man. Yes.

Q. As of April 11th, 2002, you

acknowledged to Mr. Lesniak in an E-mail, --

A. Yes.

Q. -- that View Systems did, in fact, owe Lesniak and Associates the stock --

A. Sure.

Q. -- that it was supposed to be issued?

A. Sure. I owe him stock and I owe him money of some kind.

Q. And on April 23rd --

A. That's according to our agreement. Now --

Q. On April 23rd --

A. -- there is a whole --

Q. Let me finish my question. On April 23rd, 2002, sir, you also wrote Mr. Lesniak an E-mail that states, "I don't deny the company owns you money"?

A. Yes.

Q. Okay. Now --

A. And Mr. Lesniak owed the company a

**EXHIBIT D**

**John Ruckdeschel**

---

**From:** Terry J. Harris [tjharris@abs.net]

**Sent:** Saturday, February 08, 2003 4:18 PM

**To:** Jonathan Ruckdeschel

**Subject:** lesniak and view systems

I meant to call you yesterday, but maybe this'll work. A couple of things:

1. I will be talking to Gunther early this week about a number of things, including dates to continue your deposition. I'll get back to you on that soon.

2. After some effort, I have some 30 emails from Dr. Maassen that are responsive (but not particularly helpful, I suppose) to your request for document production. After sifting through them, It appears that they are all copies of emails that have already been produced, that the good Dr. Maassen was simply cc'ed on for one reason or another. I can produce another disc, I can print them out, or I can simply forward them to you via email. Let me know what you prefer.

3. Call me a glutton for punishment, but I'm interested in documents responsive to my request for them. Let me know how that's going.

4. I'm also interested, I suppose, in deposing Mr. Lesniak at some point in the near future. Any ideas on how to do that? I don't suppose he's passing through Baltimore any time soon.

5. I'm working with Gunther on a settlement offer. I hope to have something to you soon on that and maybe all of the above can be mooted.

Terry

Law Offices of Terry J. Harris
301 N. Charles Street, Suite 902
Baltimore, MD 21201
410-576-0800
tjharris@abs.net